THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN SÁNCHEZ DAVID, Defendant and Appellant.

No. 16892.   Decided September 8, 1961.

*William Morales Torres* for appellant.   *J. B. Fernández Badillo, Attorney General of Puerto Rico,* and *Roberto Cruz Contreras, Assistant Attorney General,* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, and Mr. Justice Blanco Lugo and Mr. Justice Dávila.

PER CURIAM.

Appellant, a public-service car chauffeur, was carrying a bag containing material used in the illegal game of *bolita.* He had picked up the bag in Coamo in order to take it to Santa Isabel at the request of a certain person who asked him to pick it up at a certain place in Coamo.   He alleges that he was not aware of the contents of the package.   Upon leaving of Coamo and before entering the road leading to Santa Isabel, the police ordered him to stop because he allegedly rounded a curve at more than 15 miles per hour, which is contrary to law.   One of the policeman asked him for his driver's license.   When he alighted from the car in

order to exhibit his license, the bag containing the *bolita* material which was lying between appellant and a passenger turned over and the police saw the material. He was then taken to the presence of the judge and the present action was instituted.

The only error assigned by appellant is that the court erred in admitting in evidence the material seized. In support thereof he maintains that the arrest was illegal, since rounding a curve at more than 15 miles an hour is not an offense if it is not established that the visibility is not clear 100 meters ahead. And he concludes that if the arrest was illegal, so was the search. However, in deciding this case it is not necessary to determine whether an arrest was carried out and whether it was legal. The police ordered defendant to stop and when they asked him for his license, which they had a right to do under the law in force at that time (9 L.P.R.A. § 177 (n) ), they saw the *bolita* material in the paper bag. After seeing it, they took him to the presence of the judge. These facts clearly show that the evidence was legally seized. In *People* v. *Vargas*, 80 P.R.R. 285 (1958), defendants stopped the automobile in front of a red light. A policeman asked him for his driver's license. He had none. He then searched the car and found clandestine rum. We held that the search was legal. In the case at bar not even a search was carried out, since when the police asked him for the license, which he exhibited, defendant alighted from the car and the police saw the *bolita* material. The trial judge having given credit to that evidence, the error assigned was not committed.

The judgment appealed from will be affirmed.